UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
JUDGE DOTY/MAGISTRATE JUDGE NELSON

| | | |
|---|---|---|
| PAUL THIBEAU, | ) | |
| | ) | |
| Plaintiff, | ) | Court File No. 00-1586DSD/SRN |
| | ) | |
| vs. | ) | |
| | ) | JOINT PROTECTIVE ORDER |
| McLEODUSA INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have agreed that a Protective Order should be entered in the captioned matter as follows:

1. This Protective Order shall apply to all documents or information revealed or produced by either party in connection with discovery proceedings in the captioned case, whether in response to a document request, interrogatory, deposition, request for admission, subpoena, or in other proceedings prior to trial, which relate to the following:

   a. Personnel information of employees or former employees of Defendant McLeodUSA Incorporated ("McLeodUSA" other than Plaintiff;

   b. Trade secrets as defined by Iowa Code Chapter 550

   c. Plaintiff's medical and personal records; or

   d. Other nonpublic information of a confidential or proprietary nature;

FILED FEB 07 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

which documents and information shall be referred to "Confidential Information."

2. All documents or information containing Confidential Information shall be designated as such by the Designating Party or its counsel. If the Non-designating Counsel wishes to contest such designation, the Non-designating Counsel shall inform counsel for the Designating Party of their objection to such designation and the parties shall attempt to reach agreement concerning the information in question. In the event the Non-designating Counsel notifies the Designating Party's counsel in writing that no agreement can be reached, within ten (10) days of receipt of such notice, the Designating Party may seek a protective order from the Court by filing an appropriate motion under seal. The Non-designating Party shall not disclose such designated document unless permitted to do so by the Court.

3. The Confidential Information shall not be disclosed, made available or otherwise utilized by the Non-designating Party or its agents as defined in paragraph 4 of this Protective Order, for any purpose except in connection with the preparation for and trial of this action.

4. The Confidential Information or information contained therein or derived therefrom shall not be disclosed to any person or entity without the written consent of the Designating Party, except to:

a. Plaintiff and Plaintiff's counsel;

b. Defendant's in-house and outside counsel;

c. Regular employees or agents of such counsel (such as associates, secretaries, clerks or paralegal assistants) who have direct responsibility for assisting such counsel in the preparation and trial of this action; and

d. Expert witnesses retained by a party to assist in the preparation and trial of this action.

5. No person to whom such Confidential Information is disclosed shall disclose it or its contents to any person other than those described in paragraph 4 above and for the purpose specified, and in no event shall such person make any other use of such Confidential Information. Other than the foregoing authorized disclosure, the Confidential Information shall not be disclosed to any other person without the prior written consent of the Designating Party.

6. Should either party wish to submit Confidential Information to the Court for any reason other than at trial, such Confidential Information shall be submitted under seal.

7. Any person, other than counsel's staff, to whom Confidential Information is disclosed as provided herein shall first be given a copy of this Joint Protective Order and shall first be advised and agreed that he or she is subject to its provisions.

8. Upon conclusion of this litigation, the Non-designating Party's counsel shall return all documents, including copies of such documents, and any

other information covered by this Joint Protective Order to the Designating Party or shall certify that all copies have been destroyed.

9. Within thirty (30) days after final disposition of this case, whether such disposition occurs by settlement, judgment after trial, or upon exhaustion of any appeals, or by other means, counsel shall make application to withdraw from the Clerk's possession any documents filed under seal.

10. This Joint Protective Order may be modified by agreement of the parties subject to the approval of this Court, or by further order of the Court upon good cause shown.

Respectfully submitted,

Kelly R Baier

KELLY R. BAIER(#LI0000159)
of
BRADLEY & RILEY PC
2007 First Avenue S.E.
P.O. Box 2804
Cedar Rapids, IA 52406-2804
Phone: 319-363-0101
Fax: 319-363-9824

THOMAS H. BOYD
WINTHROP & WEINSTINE, P.A.
3200 Minnesota World Trade Center
30 East Seventh Street
St. Paul, MN 55101
Phone: 651-290-8400
Fax: 651-292-9347

ATTORNEYS FOR McLEODUSA INCORPORATED

TIMOTHY R. THORNTON (#109680)
KRISTIN L. C. HAUGEN (#276170)
Briggs and Morgan, P.A.
2400 IDS Center
80 South 8th Street
Minneapolis, MN 55402

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
JUDGE DOTY/MAGISTRATE JUDGE NELSON

| | | |
|---|---|---|
| PAUL THIBEAU, | ) | |
| | ) | |
| Plaintiff, | ) | Court File No. 00-1586 DSD/SRN |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| McLEODUSA INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Based upon the Stipulation of the parties and after reviewing the pleadings and papers on file in this matter, IT IS ORDERED:

That the parties' Joint Protective Order be, and hereby is entered.

Dated: February 6, 2001

By Susan Richard Nelson
Magistrate Judge Susan Richard Nelson

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1255172.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.