**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**PAUL THIBEAU,**

**Plaintiff,**

**v.**

**MCLEODUSA INCORPORATED,**

**Defendant.**

**Civil No. 00-1586 (DSD/SRN)**

**O R D E R**

---

Timothy R. Thornton, Esq., and Kristin L.C. Haugen, Esq., on behalf of Plaintiff Paul Thibeau.

John J. McDonald, Jr., Esq., and Brad Lindeman, Esq., on behalf of Defendant McLeodUSA.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 10, 2001, on motions by Plaintiff Paul Thibeau to compel discovery and for leave to file an amended Complaint as provided in the proposed Amended Complaint in the form attached as Exhibit P to the Affidavit of Kristin L.C. Haugen.

In a bench ruling issued at the conclusion of oral argument on these motions, the Court granted, in its entirety, the Plaintiff's motion to

FILED JUN 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

compel discovery. Defendant McLeod was ordered to produce the discovery at issue in this motion by May 29, 2001. The Court trusts that satisfactory production has been accomplished but, if this is not the case, the Plaintiff may address any concerns by letter to the Court. There being no need for further discussion, the Court moves on to the Plaintiff's motion for leave to amend his Complaint.

**A. Background**

This lawsuit arises out of the employment relationship between the parties. Plaintiff claims he was terminated from employment without cause, and Defendant contends that Plaintiff resigned. In his Complaint, Plaintiff asserts a breach of contract action, and seeks damages for stock options and unpaid vacation allegedly not received. Defendant McLeod argues it is not obligated to provide Plaintiff stock options, and asserts that all vacation benefits were paid to Plaintiff.

In his motion for leave to amend his Complaint, Plaintiff Paul Thibeau seeks to add a statutory claim for failure to pay wages promptly, a claim he represents he only learned of through depositions of two McLeodUSA principals taken on March 27, 2001. Specifically, Plaintiff Thibeau wishes to amend his Complaint to add a claim pursuant to Minn. Stat. § 181.171 for violation of Minn. Stat. § 181.13. See Exhibit P to the Haugen Aff. Minn. Stat. § 181.13(a) provides:

> When any employer employing labor within this state discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable upon demand of the employee. If the employee's earned wages and commissions are not paid within 24 hours after demand . . . the employer is in default.

Minn. Stat. § 181.171 establishes the right to bring a civil action for violation of Minn. Stat. § 181.13. Plaintiff submits, as factual support for his proposed claim, that he was indisputably an employee of Defendant McLeod, that stock options were an important part of employee compensation at McLeod (Haugen Aff., Ex. J at 23, 48-49, and Ex. K at 36, 45); and that Thibeau, like other McLeod employees, was given stock options as part of his compensation (Haugen Aff., Ex. K at 23). In addition, via deposition testimony, Defendant McLeod admits that Plaintiff Thibeau received stock options as consideration for his agreement to McLeod's non-compete, non-solicitation and confidentiality provisions. See Haugen Aff., Ex. K at 72, and Ex. J at 40. Defendant plans to enforce the non-compete agreement, (Haugen Aff., Ex. J at 47), while Plaintiff Thibeau asserts that he has not violated his employment agreement (Id., Ex. J at 10, and Ex. K at 71).

Plaintiff Thibeau argues that despite having earned his options as part of his compensation, McLeod refuses to compensate him. And, when he demanded information about exercising his options -- a time critical request -- McLeod belatedly mailed the information to the wrong address. See Haugen

Aff., Ex. J at 52-53. McLeod has no explanation for its admitted mix up which Plaintiff claims cost him hundreds of thousands of dollars. Id., Ex. J at 53-54.

Plaintiff asserts that if leave to amend is granted, no further discovery will be necessary and, since McLeod has not yet taken Thibeau's deposition, it will have a full and fair opportunity to explore the basis for Thibeau's claims. Finally, as far as the Plaintiff is concerned, the pretrial scheduling order and trial-ready date need not be disturbed. As such, Plaintiff asserts that McLeod cannot demonstrate any prejudice resulting from this amendment.

Defendant McLeodUSA opposes Plaintiffs' motion, asserting that stock options are not protected under Minn. Stat. § 181.13 and therefore the addition of Plaintiff Thibeau's claim in this regard is futile because it is legally insufficient. McLeod argues that even if Plaintiff has been denied his contractual rights to stock options, the receipt of stock options is simply not a benefit within the scope of Section 181.13. McLeod points out that Section 181.13 pertains to "wages or commissions actually earned and unpaid at the time of discharge", and asserts that Plaintiff offers no factual support that he was denied wages and commissions at his discharge/resignation. McLeod submits that Plaintiff's proposed claim for unpaid wages and commissions assumes that stock options are "compensation", and that all forms of compensation are within the application of Section 181.13. McLeod further

argues that the plain language of the section limits the application of Section 181.13 to "wages and commissions". Defendant McLeod submits that Mr. Thibeau has already asserted his rights for the disputed stock options under a breach of contract claim.

Defendant McLeod also asserts that although accrued vacation time is recognized as a component of wages for the purposes of Minn. Stat. § 181.13, Plaintiff Thibeau's claim is futile because the undisputed facts show he was paid, in his last paycheck, for all earned vacation time.

Accordingly, Defendant McLeodUSA argues that Plaintiff's motion for leave to amend his Complaint must be denied as a matter of law.

**B. Discussion**

Federal Rule of Civil Procedure 15(a) provides that a court may allow amendments to pleadings "when justice so requires." In interpreting this rule the Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment
> . . ., the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). Neither delay nor dilatory motive

are sufficient in themselves to deny a party leave to amend a pleading. The delay or dilatory motive must result in prejudice to the party opposing the motion. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F.2d 690, 694 (8th Cir. 1981). Even if some prejudice would result to the adverse party if the motion to amend were granted, that prejudice must be balanced against the hardship to the moving party if it is denied. Id.

The Eighth Circuit has found that leave to amend may be properly denied when the proposed amendment would be futile. See Holloway v. Dobbs, 715 F.2d 390, 393-94 (8th Cir. 1983). The Eighth Circuit has also held, however, that amendments should be denied on the merits of the claim only if the amendment asserts clearly frivolous claims. Buder v. Merrill Lynch, Pierce, Fenner & Smith, 644 F. 2d at 694. The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. Niagra of Wisconsin Paper Corp. v. Paper Industry Union Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

The Court notes that the issue of whether Plaintiff Paul Thibeau's proposed Amended Complaint alleges a cause of action for violation of Minn. Stat. § 181.13 raises an issue of first impression. There appears to be no interpretative case law which applies to the question of whether stock options, as a form of compensation, fall within the ambit of Sections 181.13 and 181.17. It is, of course, axiomatic that the object of all statutory interpretation

and construction is to ascertain and effectuate the intent of the legislature. Dependents of Lemke, 291 N.W.2d 378, 380 (Minn. 1980).

While it is true that Minn. Stat. § 181.13 refers only to wages and commissions, there is no expressed legislative intent nor case law which excepts or prevents the application of this statute to the scenario in which stock options are offered to an employee as a form of compensation for services performed for an employer. Cf. Minn. Stat. § 645.19, "Construction of provisos and exceptions."

Chapter 181 of the Minnesota Statutes is entitled "Employment; Wages, Conditions, Hours, Restrictions", the bulk of which was compiled over a course beginning in the late 1800's through the mid-1900's. See generally, Historical and Statutory Notes following each section of Chapter 181. Commenting in 1925 on the precursor of Minn. Stat. section 181.13, entitled "Penalty for failure to pay wages[1] promptly", the Minnesota Supreme Court stated, "[t]he evident purpose of the statute is to penalize employers who fail to pay their employee's wages promptly." Hansen v. Remer, 160 Minn. 453, 462, 200 N.W.839, 843 (1925). The Court takes judicial notice of the passage of time since the enactment of the precursors to the statute at issue here, and of the complex changes in employee compensation since that time. It seems

---

[1] The following definition of wages appears in Black's Law Dictionary: "A compensation given to a hired person for his or her services." 1579 (6th ed. 1990).

apparent that the statute was designed to provide recourse to employees whose compensation[2] is not properly paid. As such, the clear policy behind the statute would not be honored by enforcing the payment of certain types of compensation, such as wages, but not other types of compensation, such as stock options.

With no comment to the contrary, policy considerations compel a conclusion that any and all forms of compensation paid or promised to an employee by an employer for services rendered would fall under the auspices of Minn. Stat. §§ 181.13 and 181.171.

Finally, with respect to Defendant McLeod's concern that Plaintiff may be seeking to add a claim for withheld vacation benefits, the Court notes that no argument was made on this issue either in Plaintiff's memorandum in support of his motion to amend, at the hearing nor, as McLeod acknowledges, is it clear from the documents Plaintiff submitted whether he is indeed alleging

---

[2] Black's Law Dictionary defines compensation as, "Remuneration and other benefits received in return for services rendered; esp. salary or wages. (7th ed. 277). The definition includes a section from Kurt H. Decker & H. Thomas Felix II, Drafting and Revising Employment Contracts § 3.17, at 68 (1991) which states:

> Compensation consists of wages and benefits in return for services. It is payment for work. If the work contracted for is not done, there is no obligation to pay. [Compensation] includes wages, stock option plans, profit-sharing, commissions, bonuses, golden parachutes, vacation, sick pay, medical benefits, disability, leaves of absence, and expense reimbursement.

such a claim. Nevertheless, since the Defendant claims it has fully paid all of Plaintiff's vacation benefits, this appears to be a fact issue ripe for resolution in another forum.

Accordingly, in light of the liberal principles governing consideration of motions for leave to amend under Fed. R. Civ. P. 15(a), this Court grants Plaintiff's motion. Plaintiff Thibeau ought to be given an opportunity to test his claim on the merits. In addition, the Court finds no undue delay, no bad faith or dilatory motive, nor has there been a repeated failure to cure by amendment, as this is the first request for leave to amend the Complaint. Furthermore, the Court finds that the amendment is not clearly futile, and judicial economy dictates that the amendment should be allowed. As such, Plaintiff Paul Thibeau is granted leave to file and serve his Amended Complaint in the form attached as Exhibit P to the Affidavit of Kristin L.C. Haugen.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff Paul Thibeau's Motion to Compel Discovery (Doc. No. 23) is **GRANTED** in its entirety; and

2) Plaintiff Paul Thibeau's Motion for Leave to File an Amended Complaint (Doc. Non 25) is **GRANTED**. Plaintiff shall, within five days of the

date of this Order, file and serve his Amended Complaint in the form attached as Exhibit P to the Affidavit of Kristin L.C. Haugen. Defendant McLeodUSA shall serve an Amended Answer thereto within twenty days after being served.

Dated: June 20, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge